# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TYTIANNA M. JACKSON,<br><br>         Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>         Respondent. | Case No. 18-CV-646-JPS<br>Crim. Case No. 16-CR-135-1-JPS<br><br>**ORDER** |

  Petitioner Tytianna M. Jackson ("Jackson") pleaded guilty to one count of Hobbs Act Robbery, in violation of 18 U.S.C. §§ 1951(a) and 2, and one count of brandishing a firearm in connection with a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) & 2. *United States v. Tytianna M. Jackson*, 16-CR-135-1-JPS (E.D. Wis.) (Jackson's "Criminal Case"), (Docket #24). On April 20, 2017, the Court sentenced her to seventy-five months' imprisonment for those crimes. *Id.*, (Docket #58). Jackson did not appeal her convictions or sentence. Jackson filed a motion pursuant to 28 U.S.C. § 2255 to vacate her convictions on April 24, 2018. (Docket #1). That motion is now before the Court for screening:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing Section 2255 Proceedings.

The Court begins by addressing the timeliness of Jackson's motion. Section 2255(f) provides that there is a one-year limitations period in which to file a motion seeking Section 2255 relief. That limitations period runs from the date on which the judgment of conviction becomes final. "[T]he Supreme Court has held that in the context of postconviction relief, finality attaches when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" *Robinson v. United States*, 416 F.3d 645, 647 (7th Cir. 2005) (internal citations omitted). Because Jackson did not appeal, her conviction became final once the deadline for filing a notice of appeal expired. *Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013). The deadline expired on May 4, 2017, fourteen days after judgment was entered. Thus, Jackson's motion appears timely.

The Court turns next to procedural default. Section 2255 relief is appropriate if the Court determines that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). However, this form of action is not a substitute for a direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). Therefore, any claims that Jackson did not raise at trial or on direct appeal are procedurally defaulted and she cannot raise them. *See Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008).

There are two exceptions to this rule. First, claims of ineffective assistance of counsel may be raised for the first time in a Section 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Second, Jackson may raise claims on which she otherwise procedurally defaulted if she

demonstrates that there was cause for her failure to raise a claim earlier and that the failure has actually prejudiced her. *Torzala*, 545 F.3d at 522 (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)).

Jackson raises three grounds for relief, which the Court will consolidate into two. The first and second grounds for relief assert that her trial counsel provided ineffective assistance of counsel to her with respect to her appellate rights. (Docket #1 at 4-5). She claims that her counsel both failed to file a notice of appeal and did not "communicate to defendant the appeal process." *Id.* There is no reason to treat these as separate grounds for relief as they both concern the same topic. Because the claim is for ineffective assistance of counsel, it is not procedurally defaulted.

Jackson's third claim is for a "due process" violation. *Id.* at 7. Jackson argues that Hobbs Act robbery does not qualify as a "crime of violence," which is a necessary predicate for her Section 924(c) conviction. *Id.* She asserts that "[t]he residual clause has now been declared unconstitutionally vague," and so her Section 924(c) conviction is "a violation of her due process right." *Id.*

The Court need not address whether Jackson's third claim is procedurally defaulted, or suffers any procedural infirmity for that matter, as it is plainly meritless. Section 924(c) imposes additional penalties on individuals who carry or use firearms in connection with certain crimes. 18 U.S.C. § 924(c). In Jackson's case, she was convicted of brandishing a firearm during a "crime of violence," which the statute defines as

> an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3). The first clause is referred to as the "elements" clause, while the second is known as the "residual" clause.

The Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551, 2560 (2015), found that an identical residual clause in the Armed Career Criminal Act was unconstitutionally vague. The Court later determined that the rule announced in *Johnson* was substantive and should therefore be retroactively applicable to collateral attacks like Jackson's. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). Jackson seems to contend that her Hobbs Act robbery offense only qualifies as a "crime of violence" under the residual clause of Section 924(c)(3). Because the Supreme Court declared an identical residual clause unconstitutionally vague, she infers that the same reasoning should invalidate Section 924(c)(3)(B). *Id.*

The problem with Jackson's claim is not her legal reasoning; that much is sound, since the Seventh Circuit has held that the residual clause of Section 924(c)(3) is indeed unconstitutionally vague. *United States v. Cardena*, 842 F.3d 959, 995–96 (7th Cir. 2016). But that holding does not help Jackson here, because the Seventh Circuit has also held that Hobbs Act robbery constitutes a crime of violence under the elements clause of Section 924(c)(3), since it "[has] as an element the use, attempted use, or threatened use of physical force against the person or property of another." *United States v. Anglin*, 846 F.3d 854, 964–65 (7th Cir. 2017); *United States v. Rivera*, 847 F.3d 847, 848 (7th Cir. 2017). Thus, Jackson's Hobbs Act robbery conviction serves as a valid predicate for her Section 924(c) conviction by way of the elements clause of Section 924(c)(3), not the residual clause. Accordingly, Jackson's third claim must be dismissed.

For the first claim, however, the Court does not believe that it "plainly appears from the motion . . . that [Jackson] is not entitled to relief." Rule 4(b), Rules Governing § 2255 Proceedings. It therefore declines to dismiss her motion at this early stage. Under Rule 4(b) of the Rules Governing § 2255 Proceedings, because the Court has not dismissed the case in its entirety, it "must order the United States Attorney to file an answer, motion, or other response within a fixed time[.]" The Court will direct the parties to brief Jackson's motion as provided below. The Court further notes that a response to Jackson's claim will require testimony of her trial counsel in the criminal case. The government's opening submission should therefore include an affidavit from her counsel on the matters raised by her motion.

Accordingly,

**IT IS ORDERED** that Petitioner's claim of a due process violation in her 18 U.S.C. § 924(c) conviction (Docket #1 at 7) be and the same is hereby **DISMISSED**; and

**IT IS FURTHER ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within 30 days of entry of this order, Respondent shall file either an appropriate motion seeking dismissal of this action or answer to Petitioner's motion, complying with Rule 5 of the Rules Governing § 2255 Cases; and

2. If Respondent files an answer, then the parties should abide by the following briefing schedule:

   a. Petitioner shall have 30 days after the filing of Respondent's answer within which to file a brief in support of her motion, providing reasons why her conviction should be vacated.

b. Respondent shall file an opposition brief, with reasons why Petitioner's conviction should not be vacated, within 30 days of service of Petitioner's brief, or within 60 days from the date of this order if no brief is filed by Petitioner.

c. Petitioner may then file a reply brief, if she wishes to do so, within 15 days after Respondent has filed a response brief.

3. If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

a. Petitioner shall have 30 days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

b. Respondent shall have 15 days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L. R. 7(f), the following page limitations apply: briefs in support of or in opposition to the motion to vacate or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Dated at Milwaukee, Wisconsin, this 1st day of May, 2018.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge