# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TYTIANNA M. JACKSON,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

Case No. 18-CV-646-JPS
Criminal Case No. 16-CR-135-JPS

**ORDER**

        On April 24, 2018, Petitioner filed a motion to vacate her convictions and sentence. (Docket #1). The Court screened her motion on May 1, 2018. (Docket #2). The Court dismissed as meritless Petitioner's claim that her firearm conviction pursuant to 18 U.S.C. 924(c) has been rendered unconstitutional by recent precedent. *Id.* The Court did permit her, however, to proceed on a claim of ineffective assistance of counsel. *Id.* Respondent filed a motion to dismiss this ground, and thus the action generally, on May 30, 2018. (Docket #3). Petitioner responded to the motion on June 18, 2018, (Docket #5), and Respondent replied on June 28, 2018, (Docket #6).

        The Sixth Amendment provides that criminal defendants are entitled to the assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 684–85 (1984). This is a right not just to representation, but to effective representation. *Id.* at 686. A claim of ineffective assistance requires proof of both deficient performance by counsel and resulting prejudice to the defendant. *Perrone v. United States*, 889 F.3d 898, 908 (7th Cir. 2018). Petitioner contends that her counsel provided her ineffective assistance when he "failed to file a notice of appeal after sentencing" and "failed to

communicate [with Petitioner concerning] the appeal process." (Docket #1 at 4–6). When counsel does not pursue a direct appeal when asked to do so, they are *per se* ineffective. *Gant v. United States*, 627 F.3d 677, 681 (7th Cir. 2010). To succeed on such a theory, however, the defendant must have actually requested that an appeal be filed. *Id.*

Both of Petitioner's allegations are belied by the factual record before the Court, including the documents filed and hearings conducted in her criminal case. First and foremost, Petitioner's counsel has offered affidavit testimony that, directly after Petitioner was sentenced, he explained her appellate rights and she indicated that she did not want to appeal. (Docket #3-1). Petitioner spoke to her counsel again a week later, but similarly failed to mention a desire to appeal. *Id.* These statements demonstrate that counsel's performance was not deficient; he did precisely what he was told.

Even absent counsel's averments, Petitioner cannot show prejudice. The Court itself notified Plaintiff of her right of appeal during the sentencing hearing. *United States v. Tytianna M. Jackson*, 16-CR-135-1-JPS (E.D. Wis.) (Petitioner's "Criminal Case") (Docket #63 at 30:5-31:1) (transcript of the sentencing hearing). She was informed not only that she had a right to appeal, but also of the time limitations and her right to proceed *in forma pauperis*. *Id.* Further, Petitioner filed an unconditional guilty plea to the charges against her and received a reduced sentence based on her substantial assistance to the government. *Id.*, (Docket #24 and #59). She thus failed to preserve any nonfrivolous issues for appeal.

Petitioner's four-page response does not alter either of these findings. She never asserts that she actually told her attorney to file an appeal. (Docket #5 at 3). Rather, Petitioner makes vague statements that she did not need to use the word "appeal" in order to trigger her counsel's

obligation to file one. *Id.* She claims that counsel's affidavit has turned this into a "he-said—she-said" dispute. *Id.* There are three problems with this position. First, she has not offered any evidence or testimony to contradict her attorney's affidavit. Thus, the "she-said" side of the equation is non-existent. Second, her attorney avers that she did not want to appeal. This statement does not turn on Petitioner's failure to invoke "appeal" as a magic word. Finally, Petitioner suggests that she would have gone to trial had she known about the mandatory minimum sentence attached to her Section 924(c) charge. *Id.* This is entirely irrelevant to her asserted ground for relief; Petitioner complains that her attorney did not file an appeal or describe the appellate process, not that he gave deficient advice at the plea stage.[1]

---

[1] The contention is meritless, in any event. Petitioner was apprised of the maximum and minimum penalties associated with the Section 924(c) charge at multiple stages of her criminal case. She was told that about the range of penalties available on her Section 924(c) charge at her initial appearance, namely a minimum of seven years' imprisonment with a maximum of lifetime imprisonment. (Docket #2). The plea agreement, which Petitioner signed October 13, 2016, outlines the penalties for the charges to which she promised to plead guilty. Criminal Case, (Docket #24 at 5). That portion of the agreement further states that "Count Two [the Section 924(c) charge] also carries a mandatory minimum of 7 years imprisonment consecutive to any other term of imprisonment imposed on Count One." *Id.* This information was reiterated to Petitioner in person by Magistrate Judge William E. Duffin at the change of plea hearing on October 27, 2016. (Docket #29 at 1) ("Penalties . . . Ct 2: IMPRISONMENT: mandatory minimum of 7 years imprisonment consecutive to any other term of imprisonment imposed in Ct 1 with a maximum term of Life[.]"). Finally, the *cover page* of the presentence report states the same information about the range of penalties which had been presented to Petitioner on every prior occasion. (Docket #44 at 1). During the sentencing hearing, Petitioner accepted the contents of the presentence report and mentioned no confusion about the mandatory minimum sentence associated with the Section 924(c) charge. (Docket #54). In sum, Petitioner cannot credibly claim that she was uninformed about the potential sentence she faced. Indeed, she did not even receive the mandatory minimum; the Court granted the government's request to waive that requirement and sentenced Petitioner to only sixty months on Count Two. (Docket #54 and #58).

Despite the allegations of her motion and response brief, Petitioner cannot rewrite history. Petitioner was fully advised of her appeal rights in multiple ways. She did not ask for her lawyer to file an appeal, and so he could not have been ineffective for failing to do so. For the reasons stated above, Respondent's motion to dismiss must be granted. Still, under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). As the Court discussed above, reasonable jurists would not debate whether Petitioner's motion should have been resolved in a different manner. As a consequence, the Court is further compelled to deny a certificate of appealability as to Petitioner's motion.

Finally, the Court closes with some information about the actions that Petitioner may take if she wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask

this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *Id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Respondent's motion to dismiss (Docket #3) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Petitioner's motion to vacate, set aside, or correct her sentence (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability as to Petitioner's motion be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of June, 2018.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge